# EXHIBIT "A"

**EXHIBIT "A"**

Filing # 85411432 E-Filed 02/25/2019 09:55:54 AM

PLEASE USE TAB OR MOUSE

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☐ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>19-005366 CA 01 |
|---|---|---|
| **PLAINTIFF(S)**<br>AMALIA COUTIN, and others similarly-sitauted, | VS. **DEFENDANT(S)**<br>URBANICA MANAGEMENT LLC, a Florida limited liability, | **SERVICE**<br>3/12/19<br>10:40 AM |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): URBANICA MANAGEMENT LLC
c/o Carlos M. Porchetto
418 Meridian Avenue
Miami Beach, Florida 33139

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Eddy O. Marban, Esq.
whose address is: 2655 S. LeJeune Raod, Suite 804
Coral Gables, Florida 33134

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____<br>DEPUTY CLERK | 3/6/2019<br>DATE |
|---|---|---|

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 01/11                                                              Clerk's web address: www.miami-dadeclerk.com

Filing # 85159116 E-Filed 02/19/2019 02:46:06 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Amalia Coutin</u>
Plaintiff
    vs.
<u>Urbanica Management LLC</u>
Defendant

**II. TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☒ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

- III. **REMEDIES SOUGHT** (check all that apply):
  - ☒ Monetary;
  - ☐ Non-monetary declaratory or injunctive relief;
  - ☐ Punitive

- IV. **NUMBER OF CAUSES OF ACTION: (   )**
  (Specify)

  <u>2</u>

- V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
  - ☐ Yes
  - ☒ No

- VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  - ☒ No
  - ☐ Yes – If "yes" list all related cases by name, case number and court:

- VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  - ☒ Yes
  - ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Edilberto O Marban</u>     FL Bar No.: <u>435960</u>
              Attorney or party                                                                 (Bar number, if attorney)

<u>Edilberto O Marban</u>   <u>02/19/2019</u>
(Type or print name)                                                                 Date

Filing # 85159116 E-Filed 02/19/2019 02:46:06 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

AMALIA COUTIN, and others similarly-situated,

    Plaintiffs,

vs.

URBANICA MANAGEMENT LLC, a Florida limited liability company,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, AMALIA COUTIN, by and through her undersigned attorney, hereby sues Defendant, URBANICA MANAGEMENT LLC (referred to as "the Employer"), and alleges:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff seeks to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) (the "FLSA"). Plaintiff also seeks damages for unlawful retaliatory termination of her employment in violation of 29 U.S.C. § 215(a)(3).

2. Plaintiff seeks damages in excess of $15,000.00 and this action is therefore within the jurisdiction of this Court.

## VENUE

3. All facts giving rise to this cause of action, took place in Miami-Dade County, Florida.

4. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

5. Defendant, URBANICA MANAGEMENT LLC, is a Florida limited liability company, which at all times material hereto, was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was engaged in interstate commerce.

6. The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce; otherwise satisfy the FLSA's requirements. Plaintiff's work was actually in and/or so closely related to the movement of commerce while she worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work.

7. At all times material hereto, the Employer operated as an organization which purchased equipment and products manufactured outside the state of Florida; sold, marketed, or handled goods and materials or provided services to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

8. As a result of the services provided by the Employer, two or more of its employees regularly handle and work with goods and materials moved in or produced in interstate commerce.

9. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r), (s), and Plaintiff is within interstate commerce.

### PLAINTIFF'S EMPLOYMENT

10. Defendant employed Plaintiff from approximately November 2017 through February 5, 2019. Plaintiff worked as a housekeeper at Defendant's hotel located in Miami Beach. Plaintiff started earning $11.00 and then was increased to $12.00 per hour.

11. On January 29, 2019, Plaintiff made a protected expression when she complained to her employer about the non-payment of overtime wages. As a direct result of Plaintiff's complaint, Defendant unlawfully retaliated when it terminated Plaintiff's employment on February 5, 2019.

### COUNT I
### UNPAID OVERTIME WAGES

12. Plaintiff re-alleges and re-avers paragraphs 1 through 11, as fully set forth herein.

13. Plaintiff worked from approximately November 2017 until February 5, 2019.

Plaintiff worked as a housekeeper at Defendant's hotel located in Miami Beach. Plaintiff started earning $11.00 and then was increased to $12.00 per hour. Plaintiff regularly worked in excess of forty (40) hours per week, but was not compensated at the rate of time-and-half her regular rate for the hours worked in excess of forty per week. The failure to pay overtime wages is a violation of the FLSA.

14. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provisions were made by Defendant to properly pay Plaintiff at the rate of time-and-one-half for all hours she worked in excess of forty (40) per workweek, as provided in the FLSA.

15. Employer knew of and showed reckless disregard for the provisions of the FLSA because the Employer had knowledge of Plaintiff's work schedule and the amount of overtime hours she worked. The Employer knew or should have known of the work Plaintiff performed and of its obligation to pay overtime wages to Plaintiff, and the Employer failed to pay Plaintiff her overtime wages at a rate of time-and-one-half as required by the FLSA.

16. Employer remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to an equal amount as liquidated damages.

17. Employer willfully and intentionally failed to pay Plaintiff the required overtime wage because it knew that Plaintiff was regularly working hours in excess of forty per workweek and made the conscious decision not to pay Plaintiff's overtime wages.

18. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is entitled to recover a reasonable attorney's fees.

WHEREFORE, Plaintiff requests judgment in her favor against Defendant, URBANICA MANAGEMENT LLC, in the amount of full compensatory damages, an equal amount as liquidated damages, reasonable attorney's fees and costs, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, as well as any and all other relief which this Court deems necessary and just.

## COUNT II
## RETALIATION

19. Plaintiff re-alleges the allegations contained in paragraphs 1 through 18 as fully set forth herein.

20. Plaintiff began working for the Defendant on or about November 2017.

21. On January 29, 2019, Plaintiff engaged in an activity protected by the FLSA, 29 U.S.C. § 215(a)(3), by complaining to her employer about the unpaid overtime wages. As a direct result of Plaintiff's complaint, Defendant unlawfully retaliated when Plaintiff's employment was terminated due to her making a protected expression.

22. Plaintiff suffered an adverse action by the Employer (i.e., her employment was terminated), subsequent to and because she engaged in the protected activity of complaining to Defendant about the non-payment of overtime wages. The protected expression and adverse employment action were causally connected.

23. The Employer violated and showed reckless disregard for the provisions of the FLSA and 29 U.S.C. § 215(a)(3) by retaliating against Plaintiff and terminating Plaintiff's employment for complaining to her employer about the non-payment of overtime of wages.

24. Plaintiff is entitled to relief under the FLSA because she made a protected expression when she complained about the non-payment of overtime wages and because she was terminated as a result of her lawful complaint, a protected expression. There is a causal link between the protected expression and the adverse action, her termination from employment.

25. Plaintiff is entitled to recover back and front pay, and/or emotional damages, resulting from the alleged acts, as well as any consequential damages resulting from the alleged actions and liquidated damages.

26. The unlawful retaliatory actions outlined herein were committed intentionally or with reckless disregard for the FLSA, or with lack of good faith. Defendant intentionally disregarded the FLSA when it terminated Plaintiff's employment solely because she complained about the illegalities of the non-payment of overtime wages. Plaintiff is entitled to recover double or liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant, URBANICA MANAGEMENT LLC, for its violation of 29 U.S.C. § 215(a)(3), including, all damages allowed by the FLSA for retaliatory acts by employers, back and front pay, emotional damages, an equal amount of liquidated damages, reasonable attorney's fees and costs of suit, pre-judgment interest, as well as any and all relief this court deems necessary and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
2655 S. LeJeune Road, Suite 804
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (786) 309-9978
E-mail: em@eddymarbanlaw.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960